IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAURICE L. MILES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-3152-EFM |
| ) | |
| DEPUTY CONRAD, in his official ) | |
| capacity with Reno County Sheriff's ) | |
| Department; DEPUTY SWONGER, ) | |
| in his official capacity with Reno County ) | |
| Sheriff's Department; DEPUTY ) | |
| MONDRAGON, in his official capacity ) | |
| with Reno County Sheriff's Department; ) | |
| and DEPUTY CARDER, in his official ) | |
| capacity with Reno County Sheriff's ) | |
| Department; ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the court upon the following motions filed by plaintiff, proceeding *pro se*: (1) Motion for Place of Trial (ECF No. 37); Motion for Expert Witnesses (ECF No. 38); and (3) Motion to Appoint Counsel (ECF No. 39). Having carefully reviewed these motions, the court is now prepared to rule.

I.

Plaintiff, who was previously a pretrial detainee in the Reno County Jail in Hutchinson, Kansas, brings claims under 42 U.S.C. §1983 against a sergeant and three deputies in the jail, alleging that they failed to protect him from an assault by his cellmate and then failed to offer medical treatment. The court has previously allowed plaintiff to proceed *in forma pauperis*.[1]

II.

---

[1] Order, ECF No. 10.

In his motion for place of trial, plaintiff requests that the trial of his case not be heard in Reno County. In his complaint, plaintiff did not choose a place of trial. To the extent that plaintiff only seeks that the trial of this case not be held in Reno County, the court shall grant this motion. The determination of place of trial will be determined at a later time, but the case will not be held in Reno County since the federal courts in Kansas do not have a court location in that county. The trial of this case will be held in Wichita, Topeka or Kansas City.

### III.

In his motion for appointment of an expert witness, plaintiff requests that the court appoint an expert witness for him under D. Kan. Rule 26.4. Plaintiff suggests that the appointment of an expert witness would ensure that a neutral party would investigate the case.

Rule 26.4 does allow for the appointment of expert witnesses. It provides:

> (a) Court–Appointed Experts. If a judge determines that the appointment of expert witnesses in an action may be desirable, the judge will order the parties to show cause why expert witnesses should not be appointed. After opportunity for hearing, the judge may request nominations and appoint one or more such witnesses. If the parties agree in the selection of an expert or experts, the judge will appoint the agreed expert or experts. Otherwise, the judge may make the selection. The judge will determine the duties of the witness and inform the witness thereof at a conference at which the parties will have an opportunity to participate. A witness so-appointed must advise the parties of the findings of the witness, if any. The judge or any party may call the witness to testify. Any party may examine and cross-examine the witness.

A court may appoint expert witnesses under D. Kan. Rule 26.4 or Fed.R.Evid. 706(a). "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the

Court's need for a neutral, expert view."[2] However, the *in forma pauperis* statute, 28 U.S.C. § 1915(c) does not provide for payment of expert witness fees.[3] Rather, under Fed.R.Evid. 706(c) and D. Kan. Rule 26.4, each party typically splits the costs of a court-appointed expert. Plaintiff proceeds *in forma pauperis* here, so in reality defendants would bear the entire cost of an expert if the court decided to appoint one. Accordingly, the court exercises this power sparingly.

At this point in the case, the court finds no need to appoint an expert witness. Plaintiff has failed to identify what type of expert witness is necessary, and the court is unable to determine the necessity of any expert at this time. Unless the court determines otherwise, any such appointment would be for the benefit of the court, the trier of fact, and all parties, and not simply for the benefit of the plaintiff or as a substitute for a retained expert witness under Fed.R.Civ.P. 26(a)(2). Accordingly, this motion is denied.

IV.

Finally, plaintiff seeks appointment of counsel. There is no constitutional right to appointed counsel in a civil case.[4] However, 28 U.S.C. § 1915(e)(1) permits the court to "request an attorney to represent" a party proceeding *in forma pauperis*. The court emphasizes that § 1915(e)(1) merely permits the court to request an attorney to represent an indigent defendant in a civil case and does not authorize the court to require an unwilling attorney to take the case.[5] Thus, to the extent plaintiff requests the court to appoint counsel, the court lacks the power to do so. The court only may seek a volunteer attorney to represent

---

[2] *Brown v. Gray*, No. 06–3003–JTM, 2011 WL 6091738, at *6 (D.Kan. Dec. 7, 2011) (internal citation omitted).
[3] *Patel v. United States*, 399 F. App'x 355, 359 (10th Cir.2010).
[4] *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir.2006).
[5] *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir.2001).

him. Furthermore, Congress provides no method for compensating attorneys that take on a case under § 1915(e)(1), so attorneys who do so will usually be serving *pro bono*.[6] As a result, the court exercises this power sparingly.

Section 1915(e)(1) grants broad discretion for courts to request counsel to represent an indigent party.[7] In exercising its discretion, the Tenth Circuit directs district courts to consider: (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present the claims; and (4) the complexity of the issues raised by the claims.[8] "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'"[9]

The first factor directs the court to consider the merits of plaintiff's claims. There is very little before the court at this time to assess the merits of plaintiff's claims. As a result, plaintiff has not met his burden to convince the court that his claims are sufficiently meritorious to warrant appointment of counsel.

On the second factor, the court considers the nature of the factual issues raised in the claims. Here, plaintiff brings claims against prison personnel about events directly involving plaintiff. The court concludes this factor weighs against plaintiff's motion because plaintiff did not require a professional's training or experience to explain what allegedly happened to him.

The third factor directs the court to evaluate plaintiff's ability to present his claims. The record in this case thus far demonstrates that plaintiff has the ability to represent

---

[6] *Id.*
[7] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir.2009).
[8] *Sandle*, 201 F. App'x at 582.
[9] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985)).

himself. Plaintiff has filed several motions and, in those motions, he has cited relevant laws. Furthermore, he was able to represent himself on appeal and obtain a reversal of this court's decision dismissing his case. Based upon these circumstances, the court is persuaded that plaintiff has demonstrated more than an adequate ability to present his claims.

Finally, the court must consider the complexity of plaintiff's claims. The factual and legal issues here are not complex. Plaintiff has litigated this case for one and one-half years, and at no point have plaintiff's claims exceeded his understanding.

Based upon the aforementioned four factors, the court finds that plaintiff's motion for appointment of counsel should be denied at this time without prejudice. Plaintiff may seek appointment of counsel at a later time if circumstances change.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Place of Trial (ECF No. 37), to the extent that it seeks only to prevent the trial from being held in Reno County, is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Expert Witnesses (ECF No. 38) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 39) is denied.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge