**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MAURICE L. MILES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-3152-EFM |
| ) | |
| DEPUTY CONRAD, in his official ) | |
| capacity with Reno County Sheriff's ) | |
| Department; DEPUTY SWONGER, ) | |
| in his official capacity with Reno County ) | |
| Sheriff's Department; DEPUTY ) | |
| MONDRAGON, in his official capacity ) | |
| with Reno County Sheriff's Department; ) | |
| and DEPUTY CARDER, in his official ) | |
| capacity with Reno County Sheriff's ) | |
| Department; ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court upon plaintiff's *pro se* Motion to Amend Complaint (ECF No. 51). For the following reasons, this motion is denied.

I.

Plaintiff, who was previously a pretrial detainee in the Reno County Jail in Hutchinson, Kansas, brings claims under 42 U.S.C. § 1983 against a sergeant and three deputies in the jail, alleging that they failed to protect him from an assault by his cellmate and then failed to offer medical treatment.

II.

Plaintiff seeks to amend his complaint. He states that he does so because he "had no Knowledge that of certian (sic) facts and claims should had been added or attached to the complaint." Plaintiff argues that he had no knowledge of "Rule 8(a)," and that he "just learned of this additional fact." He asks that he be allowed to correct the defects of his complaint.

Defendants object to plaintiff's motion for following reasons: (1) plaintiff failed to attach a copy of his amended pleading to his motion; (2) plaintiff has previously amended his complaint several times and no further amendments should be allowed; and (3) defendants will suffer prejudice if continued amendments are allowed.

### III.

The court cannot grant plaintiff's motion due to his failure to comply with D. Kan. 15.1. That rule requires the party seeking to amend a pleading to complete specific steps, including attaching the proposed pleading to the motion.[1] Despite his *pro se* status, plaintiff is expected to comply with the local rules.[2] The "purpose of Rule 15.1 is to compel parties to provide the Court with the information it needs to determine whether a motion to amend is warranted. Without a copy of the proposed pleading, the Court cannot conclusively determine if allowing [plaintiff] to amend his complaint would promote justice or be entirely futile."[3] Therefore, the court must deny plaintiff's motion to amend without prejudice to his later refiling his motion in compliance with D. Kan. 15.1.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend Complaint (ECF No. 51) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2018, at Topeka, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate

---

[1] D. Kan. Rule 15.1(a)(2).
[2] See *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017).
[3] *Id.*